UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JANE DOE,<br><br>Plaintiff,<br><br>v.<br><br>G6 HOSPITALITY PROPERTY, LLC, et al.,<br><br>Defendants. | C26-1885 TSZ<br><br>MINUTE ORDER |

The following Minute Order is made by direction of the Court, the Honorable Thomas S. Zilly, United States District Judge:

(1) The motion to dismiss, docket no. 38, brought by defendants Wyndham Hotels & Resorts, Inc., Wyndham Hotel Group, LLC, and Days Inn Worldwide, Inc. (collectively "Wyndham"), is GRANTED in part and DENIED in part, as follows:

(a) With respect to plaintiff's first cause of action for perpetrator liability under the Trafficking Victims Protection Reauthorization Act ("TVPRA") against defendant Wyndham Hotels & Resorts, Inc. ("WHR"), which is alleged to be the successor-in-interest of Wyndham Worldwide Corporation, see Compl. at ¶ 17(b) (docket no. 1), the motion is GRANTED as follows. Plaintiff's perpetrator liability claim against WHR is DISMISSED without prejudice and with leave to amend. To state a claim against WHR for perpetrator liability under the TVPRA, plaintiff must allege facts plausibly establishing that WHR "knowingly harbored or maintained a person [(i.e., plaintiff)] with knowledge that fraud or force would be used to cause [plaintiff] to engage in a commercial sex act." *See* *B.J. v. G6 Hospitality, LLC*, No. 22-cv-3765, 2023 WL 6120682, at *11 (N.D. Cal. Sept. 18, 2023); *see also* *Doe (S.A.S.) v. ESA P Portfolio LLC*, No. 23-cv-6038, 2024 WL 3276417, at *9–10 (W.D. Wash. July 2, 2014). Plaintiff has not pleaded facts

plausibly showing that WHR had actual, as opposed to constructive, knowledge that, in 2015 and 2016, plaintiff was being subjected to sex trafficking. See B.J., 2023 WL 6120682, at *11 (citing A.D. v. Wyndham Hotels & Resorts, Inc., No. 19cv120, 2020 WL 8674205, at *2 n.1 (E.D. Va. July 22, 2020) (noting that perpetrator liability requires actual knowledge, but beneficiary liability requires only constructive knowledge)).

(b) Wyndham's motion to dismiss is otherwise DENIED. Plaintiff has sufficiently alleged perpetrator liability against Wyndham Hotel Group, LLC ("WHG") and Days Inn Worldwide, Inc. ("DIW"), which allegedly "owned, operated, managed, maintained, inspected, secured, supervised, and/or controlled" the properties at issue, all of which are in Kent, Washington, namely the Hawthorn Suites by Wyndham located at 6329 South 212nd Street, Days Inn by Wyndham located at 22420 84th Avenue South, and Ramada located at 22318 84th Avenue South. See Compl. at ¶¶ 17(c)–(g) & 83–89 (docket no. 1); see also Doe A v. SeaTac Hotels LLC, No. C24-1270, 2025 WL 474233, at *5 (W.D. Wash. Feb. 12, 2025); Doe (S.A.S.), 2024 WL 3276417, at *9–10. Plaintiff has also sufficiently pleaded her second cause of action for beneficiary liability under the TVPRA and her third cause of action for vicarious liability under the TVPRA against WHR, WHG, and DIW. See Doe (S.B.C.) v. Six Continents Hotels, Inc., No. 24-cv-1985, Order (docket no. 43) (W.D. Wash. June 24, 2026); Doe A, 2025 WL 474233, at *3–4; Doe (S.A.S.), 2024 WL 3276417, at *6–9.

(2) The motion to dismiss, docket no. 45, brought by defendants G6 Hospitality Property, LLC, G6 Hospitality, LLC, G6 Hospitality IP, LLC, G6 Hospitality Purchasing, LLC, G6 Hospitality Franchising, LLC, and Motel 6 Operating, L.P., is GRANTED in part and DENIED in part, as follows:

(a) As to plaintiff's claims against defendant G6 Hospitality Property, LLC, the motion is GRANTED as follows. Plaintiff's claims against G6 Hospitality Property, LLC are DISMISSED without prejudice and with leave to amend. Although the operative pleading describes G6 Hospitality Property, LLC as having "owned, operated, and controlled" the Motel 6 located at 20651 Military Road South in SeaTac, Washington, see Compl. at ¶¶ 10 & 96(g), it does not allege that plaintiff was subjected to sex trafficking at the Military Road Motel 6, see id. at ¶¶ 71 & 82–88.

(b) With respect to plaintiff's first cause of action for perpetrator liability against defendants G6 Hospitality, LLC, G6 Hospitality IP, LLC, G6 Hospitality Purchasing, LLC, and G6 Hospitality Franchising, LLC (collectively, "G6 Affiliates"), the motion is GRANTED as follows. Plaintiff's perpetrator liability claim against the G6 Affiliates is DISMISSED without prejudice and with leave to amend. Plaintiff has not pleaded facts plausibly showing that any of the G6 Affiliates had actual, as opposed to constructive,

knowledge that, in 2015 and 2016, plaintiff was being subjected to sex trafficking. See supra ¶ 1(a).

(c) With regard to plaintiff's second cause of action for beneficiary liability and third cause of action for vicarious liability against the G6 Affiliates, the motion is GRANTED as follows. Plaintiff's beneficiary and vicarious liability claims against the G6 Affiliates are DISMISSED without prejudice and with leave to amend. Although the operative pleading refers to the G6 Affiliates as "Parent Hotel Defendants," Compl. at ¶ 26 (docket no. 1), it does not describe the corporate structure of the G6 Affiliates or their relationship to Motel 6 Operating, L.P., which allegedly "owned, operated and controlled" the Motel 6 located at 16500 Pacific Highway South in Seattle, Washington, see id. at ¶ 13.

(d) As to plaintiff's perpetrator and beneficiary liability claims against Motel 6 Operating, L.P.,[1] the motion to dismiss is DENIED. Plaintiff has sufficiently pleaded those claims against Motel 6 Operating, L.P. See Doe (S.B.C.), No. 24-cv-1985, Order (docket no. 43); Doe A, 2025 WL 474233, at *3–5; Doe (S.A.S.), 2024 WL 3276417, at *6–10.

(3) Any amended complaint shall be electronically filed and served within twenty-one (21) days of the date of this Minute Order. Notwithstanding Federal Rule of Civil Procedure 15(a)(3), responsive pleadings or motions shall be due within twenty-one (21) days after service of the amended complaint.

(4) Plaintiff's motion for entry of default, docket no. 58, which was withdrawn in part as to defendant 2000 Investors, LLC, see Notice (docket no. 62), is DENIED. Plaintiff seeks entry of default against defendant AA Hotel Management, LLC, which is alleged to own and operate (along with 2000 Investors, LLC) the Days Inn by Wyndham in Kent. See Compl. at ¶¶ 20–21 (docket no. 1). Both entities were served by leaving the summons and complaint with Veera Tiramalasetty at the Days Inn property located at 22420 84th Avenue South in Kent. See Decls. of Serv. (docket nos. 28 & 31). The registered agent for AA Hotel Management, LLC, however, is Dayabir S. Bath, who is also a governor for the limited liability company. See https://ccfs.sos.wa.gov. Plaintiff is DIRECTED to properly serve either her original complaint or any amended complaint on AA Hotel Management, LLC.

(5) The parties' stipulated motion for a protective order, docket no. 57, is DENIED without prejudice. The parties may submit another stipulated motion for a

---

[1] The operative pleading does not allege vicarious liability against Motel 6 Operating, L.P.; rather, Motel 6 Operating, L.P. seems to be the franchisee or agent for whose actions or omissions plaintiff seeks to hold the G6 Affiliates vicariously liable. See Compl. at ¶ 288 (docket no. 1).

protective order after the deadline for filing any amended complaint expires, and the proposed protective order shall reflect only the parties remaining in light of this Minute Order and any amended complaint. In addition, the parties shall file (as an attachment to any stipulated motion for a protective order) a redline version showing the differences between the District's model order and the parties' proposed order. *See* LCR 26(c)(2).

(6) If plaintiff wishes to proceed under the pseudonym Jane Doe, she shall file, within twenty-one (21) days of the date of this Minute Order, an appropriate motion or, if defendants do not oppose plaintiff's ability to proceed anonymously, a stipulated motion, which shall set forth the protocols pursuant to which plaintiff's identity and the identity of her trafficker shall be provided to defendants and/or their attorneys.

(7) The Clerk is directed to send a copy of this Minute Order to all counsel of record.

Dated this 15th day of October, 2026.

Joshua C. Lewis
Clerk

s/Grant Cogswell
Deputy Clerk